UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| BARBARA SMITH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 06-439-DCR |
| ) | |
| V. ) | |
| ) | |
| ELAINE L. CHAO, Secretary of Labor. ) | |
| U.S. Department of Labor, Mine Safety & ) | **MEMORANDUM OPINION** |
| Health Administration, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Barbara Smith ("Smith") applied for – and was denied – a mine inspector's position on six occasions during and prior to 2004. She claims that these decisions were the result of a pattern and practice of gender discrimination on the part of the Mine Safety & Health Administration ("MSHA") in violation of Title VII, 42 U.S.C. § 2000e, and KRS Chapter 344. The matter is currently pending for consideration of Defendant, Elaine Chao, Secretary of Labor, United States Department of Labor (hereafter, "the Secretary") motion to dismiss or, in the alternative, motion for summary judgment.

According to the Secretary, dismissal of Smith's claims is appropriate because the Plaintiff has failed to properly and timely exhaust her administrative remedies as required by Title VII. The Secretary also asserts that Smith's state law claims are barred because Title VII provides the exclusive remedy for claims of discrimination for those applying for federal

employment and because federal entities are not "employers" within the meaning of KRS Chapter 344. [Record No. 18]

Conversely, Smith argues that neither dismissal nor summary judgment is appropriate. Instead, she contends that the doctrines of equitable tolling, waiver and estoppel should be applied because she was unaware she could appeal her job denials from 1998 through 2001. Finally, Smith asserts that she should be allowed to take discovery to establish a factual basis for her claims. [Record No. 21]

Having reviewed the materials filed by the parties in support of their respective positions, the Court believes that summary judgment is appropriate because the undisputed facts establish that Smith failed to exhaust her administrative remedies. Further, Smith has failed to offer any legitimate reason for failing to exhaust the remedies that were available to her and she has failed to establish that further discovery would change the outcome. Accordingly, the Defendant's motion will be granted and this matter will be dismissed from the Court's docket.

## I.   STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a complaint if it fails to state a claim upon which relief can be granted. As the Supreme Court has indicated recently, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007), abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, the complaint must be construed liberally in the plaintiff's favor. *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir. 1994). The Court must "accept as true all factual allegations and

permissible inferences therein." *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)). In weighing a motion to dismiss, a district court should ask "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Twombly*, *supra,* at 1969 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Finally, where, as here, matters outside the pleadings are considered in connection with a defendant's motion, the motion should be treated as one for summary judgment and disposed of as provided in Rule 56. *See* Rule 56 (b), Fed. R. Civ. P.

### B. Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Although the moving party has the burden of showing conclusively that no genuine issue of material fact exists, all facts and inferences must be viewed in a light most favorable to the nonmoving party. *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 983 (E.D. Ky. 1993). However, once a moving party has met its burden of production, "'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc.*, 830 F. Supp. at 984 (E.D. Ky. 1993) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn

affidavits to support its claims. *Celotex*, 477 U.S. at 324 ("Rule 56 (e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'")

Here, the Secretary's motion is based on documents and correspondence, the contents of which are undisputed. And while Smith's counsel asserts that additional time is needed to complete discovery, she does not contest the material facts outlined in the relevant documents attached to the Secretary's motion. Accordingly, the Court concludes that delaying resolution of this matter would serve no useful purpose.[1]

## II.     RELEVANT FACTS

### A.     The Parties' Pre-litigation Correspondence

By letter dated June 15, 2001, Smith's present counsel, Cheryl Lewis, wrote to Mike Watt of the United States Department of Labor in Atlanta, Georgia, complaining that Smith was the victim of sex discrimination. Although Lewis asserted that Smith had authorized her to "pursue all legal options," before filing suit, Lewis requested that Watt respond to five enumerated questions, including how many mine inspectors had been hired in the eastern Kentucky region during the preceding three years and how many of those hired were male. [Record No. 18; Ex.

---

[1]     It is not appropriate to simply state in opposition to a motion for summary judgment that additional time is needed to take discovery to establish a basis to oppose the motion. As outlined in Rule 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth *specific* facts showing that there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. (emphasis added). Smith has failed to offer any affidavits or other documents showing that a genuine factual dispute exists or that additional time would be helpful in establishing a factual dispute.

4] This letter was apparently referred to the MSHA's Arlington, Virginia, office for a response.

By letter dated August 13, 2001, James Cheskawich, Personnel Officer for the U. S. Department of Labor, responded to Ms. Lewis' questions. According to Cheskawich, although Smith qualified for a Coal Mine Inspector position in 1999 and was one of the top three candidates at that time, no selections were made from those eligible. However, during the prior three years, approximately 20 male Mine Inspectors were hired in the eastern Kentucky region. [Record No. 18; Exhibit 5]

    B.  The State Court Action

On July 2, 2002, Smith sued the United States Department of Labor, MSHA, in the Leslie Circuit Court. Through this action, Smith made claims of gender discrimination similar to those asserted here. The complaint was served at MSHA's Arlington, Virginia headquarters. However, the matter apparently was lost or misplaced. As s result, it was not referred to the Office of the Solicitor for a response and no answer was filed.

By letter dated November 1, 2004, Lewis forwarded a copy of the state court complaint to MSHA's Arlington, Virginia, office. David Peñã, an attorney with the Office of the Solicitor, responded on November 18, 2004. Through this response, Peñã advised Lewis that state courts lack jurisdiction over employment claims brought by applicants for positions with the federal government. Further, citing *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983), and 29 CFR 1614 *et seq.*, Peñã offered that applicants who believe that they have been subject to illegal discrimination must file a claim with the agency alleged to have violated Title VII. Peñã's letter to Lewis also advised that he had forwarded the state court complaint to the United States

Attorney for the Eastern District of Kentucky. His letter concluded by informing Lewis that, "if you have any questions regarding this matter feel free to call me at 202-693-5526." [Record No. 18; Exhibit 7]

It does not appear that counsel for the parties had any further contact prior to February 2005. However, by letter dated February 7, 2005, Lewis acknowledged receipt of Penã's November 18, 2004, correspondence. And although Penã had not promised or otherwise indicated that a further response would be forthcoming, Lewis' letter indicated that, "we have still not heard anything from the Office of the United States Attorney, so I have filed an EEOC claim on Mrs. Smith's behalf. Enclosed is a courtesy copy for you." [Record No. 18; Exhibit 8][2]

### C. Dismissal of the State Court Action

Following the submission of Smith's EEOC claim, the parties' attorneys reached an agreement regarding dismissal of the state court complaint. As reflected in Penã's March 2, 2005 letter, upon dismissal of the state court Complaint, Penã agreed to submit to the Department of Labor's Civil Rights Center Lewis' June 15, 2001 letter, together with the documents provided by letter dated November 1, 2004. Penã's letter further provided that,

> [a]s I assured you during our phone conversation, CRC, after receiving the Court's Order of Dismissal with prejudice, will treat your letter to Mr. Watt as constituting initiation of the EEO complaint process as of June 15, 2001. As we

---

[2] The affidavit submitted in connection with Smith's February 7, 2005, EEOC claim asserts continuing acts of discrimination beginning in September 1998 through the date of the filing. In numerical paragraph three of her affidavit, Smith indicated that she had applied for positions - but had been rejected - on the following dates: September 16, 1998, July 13, 1999, June 20, 2000, June 22, 2001, June 18, 2003, and January 26, 2004. Smith further stated that, "I am currently involved again in the application process, but have, again, not been selected." [Exhibit No. 18; Exhibit 8 attachment]

also informed you, by agreeing to initiate the administrative process as of Jule 15, 2001, the Department is not waiving any defenses it might have to your client's June 15, 2001 complaint, including the defense of timeliness.

[Record No. 18; Exhibit 9]

Smith's state court complaint was dismissed July 30, 2005. [Record No. 18; Exhibit 11][3]

And as part of the administrative claim process, Smith was subsequently interviewed on January 13, 2006. The EEO Counselor's Summary Report indicates that,

> Ms. Smith stated that she was generally notified of her nonselection within three (3) months after the position closed. She also stated that she contacted Mike Watt of the US Department of Labor (DOL) regarding her concerns of discrimination in 2001. She noted that her lawyer should have notified DOL every time she was not selected.

[Record No. 18; Exhibit 15] On January 30, 2006, Smith was advised of the EEO Counselor's adverse decision and of her right to file a formal complaint. [Record No. 18; Exhibits 15 and 17] Smith filed a formal complaint of discrimination with the U.S. Department of Labor on February 23, 2006. [Record No. 18; Exhibits 18 and 19]

By letter dated July 12, 2006, Smith was advised that her formal complaint was being dismissed as being untimely.

> Upon consideration of the aforementioned claim, the CRC has determined that your complaint cannot be accepted for investigation pursuant to the EEO regulations. Based on my review, it appears that your complaint is untimely. Pursuant to applicable regulations at 29 CFR § 1614.105(a)(1), "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action." In *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002), the Court defined a discrete act "as one that 'occurred' on the date it 'happened,'" which obligates a complainant to pursue the

---

[3] The record contains three orders dismissing the state court action. These orders are dated July 30, 2005, August 3, 2005, and August 25, 2005. [Record No. 18; Exhibits 11 and 12]

> action with the regulatory time frame, or lose the ability to challenge it. Thus, the Court declared that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." Id. at 113. As adopted by the Commission, "Nonselections are discrete acts, and therefore not part of a pattern that would justify extending time frames." EEOC Compliance Manual, Sec. 2, "Threshold Issues," at 2-72 (rev. July 21, 2005). Thus, a complainant cannot reise a series of nonselections "in an attempt to establish a 'pattern' to justify waiver of the time limit for EEO counselor contact." *Footracer v. USPS*, No. 01A46020 *3-4, 2005 WL 2492806 (Sept. 28, 2005).

[Record No. 18; Exhibit 20]

Annabelle Lockhart, Director of CRC, acknowledged in her letter to Smith that the regulatory time period for initiating a complaint with a counselor could be waived under certain circumstances. However, she explained that there was no basis for waiving the time limit under the facts presented.

> While I am aware that on June 15, 2001, you wrote to Department of Labor employee Mike Watt and asserted that your nonselection was based on sex discrimination, that letter fails to demonstrate contact for the purpose of filing an EEO complaint. To the best of my knowledge, Mr. Watt was not then, nor is he presently, an EEO Counselor or someone who could be reasonably perceived to be associated with the EEO process. Moreover, as you stated in the letter, "[p]rior to engaging in the legal process . . . I thought it would be beneficial to all parties to have some questions answered." The Agency responded to your inquiries with the requested information by letter dated August 13, 2001. It appears you reasonably suspected that discrimination had occurred and were obligated to initiate contact with an EEO Counselor at that time. Instead, you pursued the matter by filing your complaint in state court practically a year later in July of 2002. You did not pursue the matter with the Agency for over four years from the date of your June 15, 2001 letter that documents your reasonable suspicion. Thus, consistent with the Commission's decision in *Gilmore v. USPS*, No. 01A54543, 2005 WL 2428933 (Sept. 22, 2005), I find that you failed to act with due diligence in pursuing your complaint with the Agency.

[Record No. 18; Exhibit 20] As outlined in Lockhart's July 12, 2006, letter, Smith had the option of pursuing an appeal of the CRC's decision with the EEOC by filing a notice of appeal

within thirty days of the receipt of the decision. Alternatively, Smith was notified of her right to file a civil action in district court within ninety days of her receipt of the decision. [Record No. 18; Exhibit 20] She chose the latter course of action by filing the current lawsuit.

### D. Smith's Present Claims

Smith filed the present action with this Court on September 26, 2006. [Record No. 1] At first blush, it is difficult to determine the specific claims upon which her Complaint is based. In paragraphs 6 through 10, she outlines "Facts Common to all Counts." In paragraph 6, Smith states that she is currently employed as a mine foreman with James River Coal Corporation and that she has been employed in the mine industry in various positions since 1984. She asserts in paragraph 8 that, "over the past several years, [she] has repeatedly applied for mine inspector positions with the Defendant, but has been consistently rejected in applications." [Record No.1] Further, she claims that, "less qualified male applicants have been hired by the Defendant. As of August 13, 2001, approximately twenty (20) mine inspectors were hired in the eastern Kentucky [region]; all were male." [Record No. 1]

Following these allegations, Smith sets out one count of gender discrimination under state and federal law. And while no specific factual claims of discrimination are stated in paragraphs 11 through 17, she generally asserts claims of ongoing and continuing wrongful conduct by MSHA. [Record No. 1]

### III. LEGAL ANALYSIS

Ordinarily, government agencies would be immune from suit from individuals claiming discrimination in employment. However, Congress has established an exclusive remedy for such

persons if certain preconditions are met. As correctly noted by the Secretary, one such precondition is that individuals applying for federal employment who allege discrimination under Title VII must exhaust administrative remedies as outlined in 42 U.S.C. § 2000e-16 and 29 C.F.R. Part 1614 before filing suit in federal court. *Brown v. General Services Administration*, 425 U.S. 820, 832 (1976); *Smith v. United States Postal Service*, 742 F.2d 257, 262 (6th Cir. 1984). Further, strict adherence to time limits relating to exhaustion of administrative remedies is generally required. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, *reh'g denied*, 467 U.S. 1231 (1984).

A party cannot avoid the requirements of exhaustion of administrative remedies by generally alleging equitable tolling.[4] *Jackson v. Richards Medical Co.*, 961 F.2d 575, 580 (6th Cir. 1992). Instead, the party asserting tolling must plead and prove that sufficient facts exist warranting the remedy. *Wilson v. Secretary, Department of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). In this circuit, five factors are considered in determining whether equitable tolling is appropriate: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). While Smith claims that she did not initially suspect discrimination, and that she was not aware of her rights to appeal the denials of here employment applications, it is clear that she was

---

[4] Although Smith generally raises issues of waiver and estoppel, she has failed to develop either argument. Thus, the Court considers these matters to have been abandoned.

represented by counsel during the relevant time period.[5] For nearly one year after receiving information requested from the Defendant, neither Smith nor her attorney took action to pursue the discrimination claims. Simply put, Smith has not demonstrated that equitable tolling is applicable here.

In fact, the only basis for tolling any time limitation relating to exhaustion of administrative remedies concerns the November 1, 2004 correspondence from Penã indicating that Smith's June 15, 2001 letter to Mike Watt would constitute initiation of the EEO complaint process. [Record No. 18; Exhibit 9] However, this letter clearly indicates that, by agreeing to initiate the administrative process as of June 15, 2001, the Department of Labor was "not waiving any defenses it may have to [Smith's] June 15, 2001 complaint, including the defense of timeliness." *Id*. Thus, the question becomes the effect of this letter.

As outlined in her affidavit submitted on or about February 2, 2005 [Record No. 18; Exhibit 8], Smith had submitted three applications for mine inspector positions. These applications were submitted on or about September 16, 1998, July 13, 1999, and June 20, 2000. Each of these applications were submitted at least eleven months *prior to* her June 15, 2001 administrative complaint.[6] Further, as of the date of her June 15, 2001, letter, she had no basis

---

[5] *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 561-62 (6th Cir. 2000) (ignorance of the law alone is an insufficient basis to warrant equitable tolling); *see also Steiner v. Henderson*, 354 F.3d 432, 436 (6th Cir. 2003) ("Constructive knowledge of a time limit will usually be imputed when the plaintiff retains an attorney within the limitations period.").

[6] Under 29 C.F.R. § 1614.105(a)(1), "an aggrieved person must initiate contact with a Counselor within 45 days of the date the matter alleged to be discriminatory, or, in the case of a personnel action, within 45 days of the effective date of the action." The affidavit submitted by Karen York, Human Resources Specialists with MSHA, indicates that, during 2001, MSHA hired only one mine inspector. That hire occurred in January 2001. [*See* Record No. 23; attached affidavit.]

to complaint of the later MSHA hiring decisions (June 22, 2001, June 18, 2003, and January 26, 2004).[7] In short, other than agreeing that Smith's counsel's letter would be considered as an administrative claim filed June 15, 2001, Penã's letter did not create any rights that did not otherwise exist as of the effective date of its filing. Therefore, unless Smith's theory of a continuing violation is valid, her claims are time-barred. *Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004) (where a complainant fails to initiate the EEO complaint process within the 45 day time limit, the complaint must be dismissed for failure to timely exhaust administrative remedies); *see also Mitchell v. Chapman*, 343 F.3d 811, 819-20 (6th Cir. 2003).

However, as outlined in the CRC's final determination, Smith's continuing violation theory is foreclosed by existing law. The Supreme Court has expressly held that a refusal to hire is a discrete act. Therefore, a timely and new EEO contact is required after each instance alleging that the decision was discriminatory. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002); *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S.Ct. 2162 (2007); *Burzynski v. Cohen*, 264 F.3d 611, 617-18 (6th Cir. 2001). Under applicable regulations, Smith was required to contact a EEO counselor within 45 days after each non-selection for employment. Here, there is no dispute that she failed to do so on each occasion.

Finally, Smith may not avoid dismissal of her claims by couching them as state law violations. Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), provides the exclusive remedy for claims of discrimination by those applying for federal employment. *See Brown v. General Services Administration*, *supra*. Further, federal agencies are not employers with the meaning

---

[7] *See Dixon v. Gonzales*, 481 F.3d 324, 330 (6th Cir. 2007) ("the equitable tolling doctrine does not delay the start of the limitations clock, but rather halts its ticking after the limitations period has accrued.")

of KRS Chapter 344. *See* KRS 344.030(2)(a). Therefore, Smith's state law claims must be dismissed.

### IV. CONCLUSION

For the reasons discussed above, it is clear that Smith has not exhausted her administrative remedies with respect to any hiring decision by MSHA. Further, she may not maintain a claim of gender discrimination against the Defendant under Kentucky law. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Elaine Chao, Secretary of Labor, United States Department of Labor, Mine Safety and Health Administration's motion to dismiss or, in the alternative, for summary judgment [Record No. 18] is **GRANTED** pursuant to Rule 56 of the Federal Rules of Civil Procedure.

2. The claims of gender discrimination asserted in this action by Plaintiff Barbara Smith against the Defendant are **DISMISSED,** with prejudice.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

A separate Judgment will be entered this date.

This 2nd day of January, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge